```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

CHARLES A. LAWSON,                  No. 23-1626 (NLH) (AMD)

        Plaintiff,

   v.                                OPINION

JOHN P. MORRIS,

        Defendant.

APPEARANCE:

Charles A. Lawson
48710/367566
Hudson County Jail
30-35 Hackensack Ave
Kearny, NJ 07032

    *Plaintiff Pro se*

HILLMAN, District Judge

    Plaintiff Charles A. Lawson, presently incarcerated in the Hudson County Jail, New Jersey, seeks to bring a complaint against Defendant John P. Morris pursuant to 42 U.S.C. § 1983. ECF No. 1.

    At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the

1

complaint with prejudice for failure to state a claim.  Leave to amend will be denied.

## I. BACKGROUND

According to the complaint, Plaintiff hired attorney Defendant Morris to represent him in connection with CDS and firearms charges pending in New Jersey Superior Court.  ECF No. 1 at 6.  Plaintiff asserts the "indictment was 'received not file' and exculpatory evidence was withheld."  Id.  "Any trained attorney would have address[ed] these issues instead of allowing them to fester."  Id.  He claims Defendant Morris failed to provide him with a retainer agreement, prevented him from testifying at the suppression hearing, and breached his duty to Plaintiff on several occasions.  Id. at 6, 8-9.  Plaintiff alleges Defendant Morris' actions violated the New Jersey Rules of Professional Conduct as well as the Fifth, Sixth, and Fourteenth Amendments.  Id. at 4.

Plaintiff asks the Court to order Defendant Morris to return the $10,000 that he paid to Defendant Morris in addition to compensation for the deprivation of his civil rights.  Id. at 6-7.  He also asks the Court to provide injunctive relief in the form of an order withdrawing his guilty plea.  Id. at 7.

## II. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in

forma pauperis.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim."  Durham v. Kelley, 82 F.4th 217, 223 (3d Cir.

3

2023). Moreover, "[c]omplaints filed pro se should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

### III. DISCUSSION

To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). Defense attorneys, whether employed as public defenders or privately retained, are "not state actors under § 1983 when they 'perform[] a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" Rambert v. Dist. Att'y Philadelphia, No. 20-1593, 2022 WL 205416, at *1 (3d Cir. Jan. 24, 2022) (per curiam) (quoting Polk County v. Dodson, 454 U.S. 312, 325 (1981)) (alteration in original).

Plaintiff's complaints against Defendant Morris are based on actions taken, or not taken, during Defendant Morris' representation of Plaintiff in Plaintiff's criminal proceedings. Therefore, Defendant Morris is not a state actor within the meaning of § 1983, and Plaintiff has not stated a claim for relief. The Court will dismiss the complaint with prejudice and

4

will deny leave to amend because Plaintiff cannot cure this deficiency.[1]

## IV. CONCLUSION

For the reasons stated above, the Court will dismiss the complaint with prejudice.  Leave to amend is denied.

An appropriate order follows.


Dated: January 31, 2024              s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

---

[1] The Court notes that the dismissal of this complaint does not prevent Plaintiff from seeking remedies before the appropriate licensing or disciplinary authorities or in the state courts.  It is also without prejudice to Plaintiff's right to bring ineffective assistance of counsel claims under 28 U.S.C. § 2254 if necessary.  The Court expresses no opinion on the merits of any future filings.

5